IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SEAN MUMAU, | Case No. 3:13-cv-01564-SU |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COMMISSIONER, Social Security Administration, | |
| Defendant. | |

SULLIVAN, United States Magistrate Judge:

Before the Court are plaintiff Sean Mumau's Motion, and Amended Motion, for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b). (Docket Nos. 38, 41). The Commissioner of Social Security (the "Commissioner") does not object. (Docket No. 43). The Court has reviewed the proceedings and the amount of fees sought, and GRANTS plaintiff's

Motion. The Court awards fees of $20,727.70, less the already-awarded Equal Access to Justice Act fees of $5,000.00, for a net of $15,727.70.

## PROCEDURAL BACKGROUND

Plaintiff filed for Disability Insurance Benefits on July 23, 2010. Tr. 138-41, 157. His application was denied initially and on reconsideration. Tr. 57-94. On June 12, 2013, a hearing was held before an Administrative Law Judge ("ALJ"). Tr. 38-56. The ALJ issued a decision on July 18, 2012, finding plaintiff not disabled. Tr. 19-37. That decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Tr. 1-7.

Plaintiff sought review of the Commissioner's decision by filing a Complaint in this Court on September 4, 2013. (Docket No. 1). Plaintiff argued that the ALJ erred at step five of the sequential analysis by posing an incomplete hypothetical question to the Vocational Expert ("VE"). (Docket No. 21). On March 10, 2015, the Court issued Findings and Recommendation reversing the Commissioner's decision and remanding for further proceedings; this became an Opinion and Order following the parties' consent to jurisdiction of the Magistrate Judge. (Docket Nos. 30, 28-31). The Court entered judgment on April 1, 2015. (Docket No. 33).

On July 2, 2015, the Court granted plaintiff's "Application for Attorney Fees Equal Access to Justice Act" and awarded $5,000.00 in attorney fees, per the parties' stipulation. (Docket Nos. 34-37). On May 24, 2016, the Social Security Administration ("Administration") issued a notice of award entitling plaintiff to benefits beginning January 2010. (Docket Nos. 38-1, 41-1). The Administration determined past-due benefits of $82,910.80. *Id.*, at 4. Plaintiff received the notice on August 28, 2017. *Id.*, at 2. On October 27, 2017, plaintiff filed his initial Motion, which is timely under L.R. 4000-8. (Docket No. 38). The Commissioner does not oppose plaintiff's Motion. (Docket No. 43).

## LEGAL STANDARD

After entering a judgment in favor of a Social Security claimant represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, No. CV 07-1645-AC, 2009 WL 6067058, at *6 (D. Or. Dec. 23, 2009) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, at 807 n.17 (2002)), *adopted* 2010 WL 1029809 (D. Or. Mar. 17, 2010). A § 406(b) fees award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Id.*, at *6. When a court approves both an EAJA fees award and a § 406(b) fees payment, the claimant's attorney must refund to the claimant the lesser of the two. *Gisbrecht*, 535 U.S. at 796.

## ANALYSIS

The parties do not dispute that plaintiff is the prevailing party. The Commissioner does not challenge the fees requested. Nonetheless, because the Commissioner does not have a direct stake in the allocation of attorney fees, the Court must ensure that fees are reasonable. *See Gisbrecht*, 535 U.S. at 798 n.6 ("[T]he Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question . . . .").

### I.      Fee Agreement

Under *Gisbrecht*, the Court first examines the contingent fee agreement to ensure it is within the statutory 25% limit. 535 U.S. at 808. Plaintiff and his attorney executed a contingent-fee agreement, which provided that if his attorney obtained payment of past-due benefits,

plaintiff would pay 25% of the past-due benefits awarded. (Docket No. 34-1). The terms of this agreement are thus within the statute's limits.

The next step is to confirm that the fees requested do not exceed the statute's 25% ceiling. This requires evidence of the retroactive benefits to be paid. Plaintiff has provided a notice of award from the Administration, detailing the retroactive benefits due to plaintiff and stating that the Administration has withheld funds in reserve to pay any attorney fees awarded, which may not exceed 25% of past-due benefits. (Docket No. 24-1). Plaintiff's attorney seeks fees of 25% of the amount of retroactive benefits. After determining that the fee agreement and amount requested are within the statutory limits, the Court turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10.

## II. Reasonableness Factors

The Court does not view an order awarding benefits in isolation, nor presume that a fee award of 25% of retroactive benefits award is required. *Id.*, at *12. If obtaining benefits always supported awarding fees of the statutory maximum, the other *Gisbrecht* factors and "the trial courts' assigned task of 'making reasonableness determinations in a wide variety of contexts'" would be unnecessary. *Id.* (quoting *Gisbrecht*, 535 U.S. at 808).

Plaintiff's counsel bears the burden to establish the reasonableness of the requested fees. *Gisbrecht*, 535 U.S. at 807. While the Court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Id.* at 793, 807. The Court must ensure a disabled claimant is protected from surrendering benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 808). Following *Gisbrecht*, the Ninth Circuit has identified the factors to consider when evaluating the

reasonableness of requested fees: (1) the character of the representation, specifically, whether the representation was substandard; (2) the results the attorney achieved; (3) any delay attributable to the attorney seeking the fees; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall. *Crawford*, 586 F.3d at 1151-52 (citations omitted). The Ninth Circuit also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a § 406(b) award. 586 F.3d at 1153. It focused the risk inquiry, however, stating that "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." *Id.*

### A. Character of the Representation

Substandard performance by a legal representative may warrant a reduction in a § 406(b) award. *Crawford*, 586 F.3d at 1151. The record in this case, however, provides no basis for a reduction fees for that reason.

### B. Results Achieved

The Court reversed the Commissioner's decision and remanded for further administrative proceedings, a positive result obtained by plaintiff's attorney.

### C. Undue Delay

A court may reduce a § 406(b) award for delays in proceedings attributable to claimant's counsel. *Crawford*, 586 F.3d at 1151. The reduction may be appropriate "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (citation omitted).

Plaintiff commenced this action on September 4, 2013 (Docket No. 1), filed his opening brief on August 27, 2014 (Docket No. 21), and filed his reply brief on December 1, 2014

(Docket No. 25). Although there were extensions of time sought, and granted, these were not substantial. (Docket Nos. 15-20, 23-24). The pendency of this action did not present any undue delay. Accordingly, no reduction of counsel's fee request is warranted.

**D.     Proportionality**

A court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

In this case, plaintiff's attorney filed a 6-page opening brief analyzing the Vocational Expert's testimony at the hearing. (Docket No. 21). Plaintiff's attorney also filed a 4-page reply brief. (Docket No. 25). The case was remanded for further administrative proceedings, which resulted in an award of past-due benefits to plaintiff of $82,910.80. (Docket Nos. 38-1, 41-1). $20.727.70 for attorney fees was withheld. *Id.*, at 4.

Plaintiff's attorney reports spending 29.2 hours on this matter, through the EAJA fees application. (Docket No. 34-2). This is well within the number of hours typically spent on Social Security cases, and the Court finds it reasonable. *See, e.g.*, *Jones v. Colvin*, No. 6:10-cv-06354-SI, 2013 WL 6230615, at *2 (D. Or. Nov. 27, 2013) (51.85 hours); *Provancha v. Colvin*, No. 6:12-cv-0923-SI, 2015 WL 3721411, at *2 (D. Or. June 15, 2015) ("approximately 50 hours"). Additionally, because plaintiff's attorney seeks $20.727.70 in fees, and spent 29.2 hours on this matter, this results in an effective hourly rate of $709.85. Courts in this District have approved hourly rates of $1,000.00 or more. *See, e.g.*, *Ali v. Comm'r*, No. 3:10-cv-01232-CL, 2013 WL 3819867, at *3 (D. Or. July 21, 2013); *Quinnin v. Colvin*, No. 1:12-cv-01133-SI, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013); *Breedlove v. Astrue*, No. 3:07-cv-1743-AC,

2011 WL 2531174, at *8 (D. Or. June 24, 2011). The results achieved justify this hourly rate. There is no indication that plaintiff's counsel would be receiving a windfall.

### E. Risk

This case presented a risk of nonpayment and potential delay in payment, and the outcome of the case was not assured. The Court therefore finds that the risk involved in this case was average, and no reduction of the requested fee is warranted based on risk or complexity.

## CONCLUSION

For the reasons stated above, the Court GRANTS plaintiff's Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b), in the amount of $20,727.70, less the already-awarded EAJA fees of $5,000.00, for a net of $15,727.70.

IT IS SO ORDERED.

DATED this 12th day of December, 2017.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge